IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-144 |
| | ) | |
| SHERIFF OF RICHMOND COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 4). Plaintiff submitted an amended complaint (doc. no. 8), and it is this document that the Court will now review.

I. **SCREENING OF AMENDED COMPLAINT**

A. **Background**

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Ronald Strength, the Sheriff of Richmond County, Georgia; (2) Steve Smith, the Marshal of Richmond County, Georgia; and (3) Elaine Johnson, the Clerk of Superior Court of Richmond County, Georgia. (Doc. no. 8, pp. 1, 2-3). Plaintiff asserts that he is bringing this case pursuant to "the Enforcement Act of 1870 (18 U.S.C. §§ 241 and 242) and 42 U.S.C. § 1983." (Id. at 1).

The events alleged in Plaintiff's amended complaint occurred on November 20, 2009. (Id. at 3). Plaintiff states that on that date, he went to the Richmond County Law Enforcement Center, more specifically, to the "offices of the State Court of Richmond County." (Id.). He claims that he was stopped and "accosted" in the hallway on the second floor, by Sheriff Deputy Major Johnson ("Major Johnson") and three unidentified sheriff's deputies. (Id.). Plaintiff states that Major Johnson "verbally threatened Plaintiff with physical injury" and accused Plaintiff of harassing and intimidating the State and Superior Court clerks. (Id. at 3-4). Next, Plaintiff states that Major Johnson demanded Plaintiff's identification and executed a warrant inquiry, supposedly in an attempt to incarcerate Plaintiff. (Id. at 4).

Plaintiff asserts that Major Johnson prevented Plaintiff from inquiring as to why Plaintiff was being questioned and he further asserts that Major Johnson threatened to incarcerate Plaintiff for making any such inquiry. (Id.). Furthermore, Plaintiff asserts that Major Johnson used profanity towards Plaintiff and accused him of being a "trouble-maker"

2

and a "smart-ass who thinks he is a lawyer." (Id.). Next, Plaintiff asserts that Major Johnson stated that he knew who Plaintiff was, and Plaintiff implies that Major Johnson was searching for any opportunity to arrest and harm Plaintiff. (Id.). Plaintiff claims that when the warrant inquiry revealed that there were no pending warrants against Plaintiff, he was escorted out of the building, was advised that he was not allowed access to any governmental office in Richmond County, and was also advised that he would be arrested and charged with disorderly conduct if any such attempt were made. (Id. at 5). Plaintiff maintains that he sought access to those buildings because he was attempting to attend to "other personal and legal affairs." (Id.).

Plaintiff alleges that the Marshal of Richmond County was also involved in the events that occurred on November 20, 2009, because two unidentified deputy marshals and Deputy Marshal Patterson assisted in preventing Plaintiff's access to the governmental buildings. (Id. at 6-7). Plaintiff claims that after being escorted from the building where the "office of the State Court of Richmond County" is located, he then went to speak with the clerk of a state court judge located in a different building within the complex. (Id. at 7). Plaintiff alleges that Deputy Marshal Patterson had followed Plaintiff from the first building Plaintiff visited. (Id.). Plaintiff maintains that he was then approached by Deputy Marshal Patterson, who directed Plaintiff to leave the premises. (Id. at 7). Plaintiff alleges that Deputy Marshal Patterson informed Plaintiff that if he did not leave the building, he would be "subject to arrest on unspecified charges." (Id.). When Plaintiff asked Deputy Marshal Patterson why he had followed him, Plaintiff claims that Deputy Marshal Patterson stated that Major Johnson and Deputy Marshal Patterson's superiors had directed him to prevent

3

Plaintiff's access to all government offices of Richmond County. (Id.). Plaintiff maintains that he left the building and then proceeded next door to the Richmond County Municipal Building. (Id. at 7-8).

According to Plaintiff, he was again denied access to this third building. (Id. at 8). Plaintiff maintains that four unidentified deputy marshals "wearing a variety of uniforms" denied his repeated requests for access to the building. (Id.). Plaintiff further maintains that the unidentified marshals told Plaintiff that the Clerk of Superior Court ("Ms. Johnson") had requested that the Sheriff and Marshal enjoin Plaintiff's entrance into the State and/or Superior Court offices because Plaintiff continuously harassed the court employees. (Id.). Plaintiff states that he was advised by Deputy Marshal Patterson that he would not be allowed access to any court or other governmental offices located in Richmond County for any reason until further notice at an time unspecified. Furthermore, he was advised that any attempts to enter any of the aforementioned buildings would result in his arrest. (Id. at 8-9).

Plaintiff next indicates that later that evening, he called some sheriff's deputies to the residence of a relative in order to file an official complaint concerning the events that had occurred earlier in the day. (Id. at 6). The responding sheriff's deputies refused to take any statement or complaint and informed Plaintiff that per their department policy, they were prohibited from making any reports against other officers. (Id.). Rather, they directed Plaintiff that if he wanted to file a report against a sheriff's deputy, he must do so with the Sheriff's Office of Internal Affairs.[1] (Id.).

---

[1] Plaintiff has not named either Major Johnson or Deputy Marshal Patterson as defendants.

Concerning the Clerk of Superior Court, Elaine Johnson,[2] Plaintiff maintains that she failed and/or refused to provide Plaintiff with a copy of an order to which he was entitled. (Id. at 9). When Plaintiff requested said order, Plaintiff claims that Ms. Johnson accused Plaintiff of harassing and intimidating the court employees and therefore advised the Sheriff and Marshal that Plaintiff was harassing and intimidating the court employees. (Id.). Later that same afternoon, Plaintiff telephoned the office of the Clerk of Court and spoke to a Deputy Clerk of Court; Plaintiff "advised" the Deputy Clerk of Court that by denying him access to the building, Plaintiff was being prevented from submitting evidence and pleadings in his civil cases. (Id. at 10). According to Plaintiff, the Deputy Clerk of Court transferred his telephone call to Ms. Johnson. (Id.). Ms. Johnson advised him that she had issued an informal complaint with the Sheriff against Plaintiff concerning his harassment and intimidation and had also requested that Plaintiff be denied access to the Clerk of Court's office. (Id.). Plaintiff further maintains that during this conversation, the Clerk of Court discounted his advice that her office, presumably the personnel, was not conducting business properly. (Id.).

According to Plaintiff, since November 20, 2009, the Court of Clerk has refused to: (1) accept and file his pleadings, (2) acknowledge and file letters sent to the Clerk, (3) "effectuate requests and/or demands made therein under legal authority," and (4) accept calls from Plaintiff regarding matters related to his civil cases. (Id.). Plaintiff maintains that such action by the Clerk of Court "further engages in the general and perpetual mutilation and

---

[2]Plaintiff refers to Ms. Johnson as the Clerk of Superior Court and the Clerk of State Court interchangeably. However, Ms. Johnson is the Superior Court of Richmond County's Clerk of Court.

concealment of material court records; deceptive and dishonest administrative practices in processing all cases involving [Plaintiff] with the willful intent of causing legal harm to [Plaintiff]...." (Id. at 11).

Plaintiff maintains that he has been denied access to the courts, been discriminated against on the basis of race and indigency, and has had the following rights "unlawful infringe[d]" upon: "liberty of a person," "right to property," "right to free speech," "right of due process of law," and "right of equal protection of laws." (Id. at 12). As a result, Plaintiff seeks monetary and injunctive relief.

**B.    Discussion**

**1.    Defendants Not Named In The Amended Complaint**

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 4, p. 3) (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id. at 4). Upon review of the amended complaint, the Court finds that Plaintiff no longer names two of the original Defendants as parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendant Augusta-Richmond County and the "Clerk of Richmond County State Court," these Defendants should be dismissed from this lawsuit.

**2.    Failure To State An Equal Protection Claim**

Plaintiff fails to allege any violation of his equal protection rights. To state a viable

equal protection claim, a plaintiff must show: (1) that he has been treated differently from other "similarly situated" individuals, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). Constitutionally impermissible bases to discriminate include "race, religion, national origin, poverty, or some other . . . protected interest." Damiano v. Fla. Parole and Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (*per curiam*) (citing Cruz v. Skelton, 543 F.2d 86 (5th Cir. 1976) and Osborne v. Folmar, 735 F.2d 1316 (11th Cir. 1984)).

In this case, Plaintiff merely proffers a conclusory allegation that he has been discriminated against on the basis of race and indigency, and "unlawful infringement" upon his equal protection rights. (Doc. no. 8, p. 12). Not only has Plaintiff failed to allege that he was treated differently from other similarly situated individuals, but he also failed to allege discriminatory treatment based upon a constitutionally impermissible basis. For example, Plaintiff merely concludes that the alleged discrimination was based on his race, but he does not even identify his race. Therefore, Plaintiff fails to allege facts sufficient to establish an equal protection claim.

### 3. Failure To State A Claim Against The Sheriff And Marshal Of Richmond County

Next, Plaintiff's claims against the Sheriff and the Marshal fail as a matter of law. Plaintiff blames these Defendants for the acts of their subordinates, without alleging any personal involvement by either Defendant. However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat

superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged that the Sheriff and the Marshal actually participated in the events described in his amended complaint. Although, Plaintiff claims that the Ms. Johnson filed an informal complaint with the Sheriff's and Marshal's Offices, concerning Plaintiff, he does not claim that either the Sheriff nor the Marshal were aware of this complaint. Thus there is no reason to suppose that these Defendants were even aware of a problem regarding Plaintiff.

Similarly, Plaintiff fails to allege a "causal connection" between the Sheriff and the Marshal and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or

---

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff provides no information that either the Sheriff or the Marshal knew about any alleged widespread abuse or that they was responsible for a custom or policy which resulted in a purported violation of Plaintiff's constitutional rights. Indeed, Plaintiff complains about an event that occurred during one visit to the Richmond County Law Enforcement Center; this can hardly be considered widespread abuse. In sum, Plaintiff has failed to state a claim upon which relief may be granted against the Sheriff and the Marshal.

### 4. Failure To State A General Conspiracy Claim

Finally, to the extent Plaintiff suggests that there was some sort of conspiracy afoot between Defendants,[4] such allegations fail to state a claim upon which relief can be granted. That is, a conspiracy claim supported only by conclusory, vague, and general allegations may be dismissed. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed.").

---

[4]The Court presumes that Plaintiff's reference to the Criminal Code, 18 U.S.C. §§ 241 (Conspiracy Against Rights) and 242 (Depravation Of Rights Under Color Of Law), is his attempt to assert a conspiracy claim against Defendants.

To prove conspiracy under § 1983, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics on when or how an agreement between any persons, let alone an agreement involving Defendants, may have been reached to violate Plaintiff's rights. Accordingly, Plaintiff has failed to state viable conspiracy claims, and thus, such claims should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Sheriff and the Marshal, as well as Plaintiff's equal protection and conspiracy claims, be **DISMISSED** from this case.[5]

SO REPORTED and RECOMMENDED this 19th day of March, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] By a simultaneously filed Order, the Court has directed that service of process be effected on Ms. Johnson based on Plaintiff's claim for denial of access to the court.

10