IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILLIE WESLEY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-144 |
| | ) |
| SHERIFF OF RICHMOND COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The Magistrate Judge recommended that Augusta-Richmond County, the Sheriff and the Marshal of Richmond County, as well as Plaintiff's equal protection and conspiracy claims, be dismissed from this case. (Doc. no. 10). Plaintiff asserts various objections to the R&R, and the Court will address each in turn.

First, concerning Augusta-Richmond County, Plaintiff concedes that he failed to name this Defendant in his amended complaint. However, Plaintiff asserts that this was an oversight and that given the opportunity, he will amend his complaint to show that Augusta-Richmond County is a material party to the events asserted in his complaint. (Doc. no. 12, pp. 3-4). Plaintiff claims that he has "tangible and highly conclusive evidence that the instant claims arose directly from the improper actions/omissions of the defendant." (Id. at 4).

Notably, however, Plaintiff does not provide any of that evidence or assert any facts, let alone provide sufficient facts, to assert a claim against Augusta-Richmond County. Therefore, Plaintiff provides no basis for rejecting the Magistrate Judge's conclusions.

Next, Plaintiff maintains that contrary to the Magistrate Judge's findings, he did state an equal protection claim concerning his access to the buildings. (Doc. no. 12, p. 5). The Magistrate Judge concluded that because Plaintiff failed to allege that he was treated differently from other similarly situated individuals and because he failed to allege discriminatory treatment based upon a constitutionally impermissible basis, he failed to allege facts sufficient to establish an equal protection claim. (Doc. no. 9, p. 7). On the other hand, Plaintiff states that he was denied equal access to the courts. He maintains that the alleged actions of Defendants denying his access to the buildings was "rarely" taken against anyone. (Doc. no. 12, p. 6). Plaintiff argues that he was not required to identify his race to establish an equal protection claim at the outset of the case because "simply knowing [his] race only would not determine whether or not the facts of the instant claim equate to a viable violation without opportunity for discovery of supportive facts and evidence from all parties." (Id. at 7).

First, Plaintiff must state, contrary to his opinion, that he is a member of a protected group to allege a viable equal protection claim. Second, Plaintiff still has not alleged that the purported discriminatory treatment - that he was denied access to the court- was based on a constitutionally impermissible basis. Indeed, Plaintiff's own statements indicate otherwise;

Plaintiff asserts that he was denied access to the court because Ms. Johnson[1] filed a complaint against him stating that he was harassing and intimidating her staff. Therefore, Plaintiff acknowledges that he was allegedly denied access to the buildings because of Ms. Johnson's complaint concerning his harassment and intimidation of her staff, not, as Plaintiff implies, because of his race or his indigent status. Therefore, Plaintiff provides no basis for rejecting the Magistrate Judge's conclusions.

Finally, Plaintiff argues that contrary to the Magistrate Judge's findings, he did state a viable claim against the Sheriff and the Marshal of Richmond County. (Doc. no. 12, pp. 8-16). The Magistrate Judge found that although Plaintiff named the Sheriff and the Marshal as Defendants, he solely blames these Defendants for the actions of their subordinates. Stated otherwise, Plaintiff does not allege any personal involvement by either Defendant. As "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability," the Magistrate Judge recommended dismissal of the Sheriff and the Marshal. (Doc. no. 9, pp. 7-8 (citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999))).

Plaintiff objects to these findings and attempts to impute knowledge of the events that are the basis of his complaint to the Sheriff and the Marshal. In essence, Plaintiff maintains that because individuals within the Sheriff's and/or the Marshal's Offices knew or were aware that Ms. Johnson had lodged a complaint against Plaintiff, that logically then, the Sheriff and the Marshal had knowledge of the relevant events. To the extent Plaintiff is

---

[1] The Magistrate Judge directed that service of process be effected on Ms. Johnson based on Plaintiff's claim for denial of access to the court. (Doc. no. 11).

3

attempting to allege a "causal connection" between the Sheriff and the Marshal and the asserted constitutional violation, his argument fails. Despite Plaintiff's attempts to impute this knowledge to the Sheriff and the Marshal, he fails to do so. Plaintiff's assumption that the Sheriff and the Marshal were aware that Ms. Johnson filed an informal complaint concerning Plaintiff simply does not show that these Defendants knew or were aware of any of the events of which Plaintiff complains. Furthermore, as noted by the Magistrate Judge, Plaintiff's complaints about events that occurred during one visit to the Richmond County Law Enforcement Center can hardly be considered widespread abuse. As such, Plaintiff has failed to state a viable claim against these Defendants. Thus, Plaintiff provides no basis for rejecting the Magistrate Judge's conclusions.

As such, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Sheriff and the Marshal, as well as Plaintiff's equal protection and conspiracy claims, are **DISMISSED** from this case.

SO ORDERED this 1st day of June, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE