FILED
U.S. DISTRICT COURT
2010 SEP 22 PM 3:22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-144 |
| | ) | |
| ELAINE JOHNSON, the Clerk of the | ) | |
| Superior Court of Richmond County, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case is before the Court on "Plaintiff's (Consolidated) Motion to Strike and Motion for Summary Judgment Against Defendant Johnson." (Doc. nos. 35-1 & 35-2.) Defendant opposes these motions. (Doc. nos. 41 & 42.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions to strike and for summary judgment be **DENIED**.

I. **BACKGROUND**

Plaintiff commenced this action on November 20, 2009, seeking relief for his allegedly unlawful treatment by state court officials and law enforcement officers. (Doc. no. 1.) He was granted permission to proceed *in forma pauperis* ("IFP") and directed to amend his initial complaint. (Doc. no. 4.) On January 26, 2010, Plaintiff filed an amended complaint, which the Court screened pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) & (ii). (Doc. no. 11.) The Court allowed Plaintiff to proceed with his claim against Defendant Johnson

for denial of access to the courts.[1] (Id.) In light of Plaintiff's IFP status, the Court directed the U.S. Marshal to effect service on Defendant Johnson. (Id. at 7.) Service was effected as directed, and on May 19, 2010, Defendant filed her answer. (Doc. no. 14.)

On July 6, Plaintiff filed a "Motion to Vacate Service of Process Made Upon Defendant Johnson," in which he argued that it was improper for the case to proceed because the service effected on Defendant Johnson pursuant to the Court's instruction was invalid; he asserted that only he could effect proper service and that the case could not proceed until he did so. (Doc. no. 23.) In an Order issued August 23, the Court rejected Plaintiff's arguments and held that both the Court-ordered service effected on Defendant and Defendant's answer were valid. (Doc. no. 33.)

## II. DISCUSSION

### A. Motion to Strike

Plaintiff's motion to strike Defendant's answer is premised on the argument that the service effected on Defendant by the U.S. Marshal pursuant to the Court's Order issued on March 19, 2010 was invalid because the Court cannot order service without his consent. Plaintiff asserts that Defendant lacked standing to file pleadings until she was properly served, which did not occur until July 19, when he effected service. Therefore, according to Plaintiff, Defendant's answer filed on May 19 is invalid and should be struck.

This argument is the same one that was raised by Defendant in his "Motion to Vacate Service of Process Made Upon Defendant Johnson" (doc. no. 23) and rejected in the Court's

---

[1] The Court recommended and the Honorable J. Randal Hall, United States District Judge, agreed that all other claims and defendants be dismissed. (Doc. nos. 9 & 16.)

August 23 Order (doc. no. 33). The instant motion should be denied for the same reasons set forth in that Order–namely, that judicially ordered service is proper and even required when a plaintiff is proceeding IFP, see Fed. R. Civ. P. 4(c)(3), and pleadings filed by parties after being served in that manner are likewise proper. (See doc. no. 33.) Because Defendant's answer was properly filed, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to strike (doc. no. 35-2) be **DENIED**.

### B.   Motion for Summary Judgment

Plaintiff asserts that he is entitled to summary judgment because Defendant has not properly filed any pleading in response to his Amended Complaint. According to Plaintiff, since the deadline for her to submit such a pleading has passed, the Court should take the allegations in his Amended Complaint as established and award him summary judgment.[2]

As an initial matter, the Court notes that Plaintiff did not file the separate statement of material facts required by Local Rule 56.1 or any exhibits or other documents with his summary judgment motion. Plaintiff's motion therefore does not comply with the letter or the spirit of the Local Rule governing motions for summary judgment, and for that reason alone is subject to summary denial. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (affirming summary denial of motion for failure to comply with court's Local Rules); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of

---

[2]The Court recognizes that the nature of Plaintiff's argument suggests that it should perhaps be construed as a motion for default judgment. If Plaintiff's motion were so construed, however, it would still fail, since default judgment is not appropriate where the opposing party has in fact filed a valid responsive pleading, as is the case here. See Fed. R. Civ. P. 55(a).

court . . . ."). Furthermore, the supposition on which Plaintiff's argument rests–that the answer filed by Defendant on May 19 is invalid–is incorrect, for the reasons set forth above in the Court's analysis of Plaintiff's motion to strike and in its August 23 Order (doc. no. 33). Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for summary judgment (doc. no. 35-1) be **DENIED** without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to strike be **DENIED**, and that his motion for summary judgment be **DENIED** without prejudice.

SO REPORTED and RECOMMENDED this ___ day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE