IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-144 |
| | ) | |
| ELAINE JOHNSON, Clerk of the | ) | |
| Superior Court of Richmond County, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The above-captioned case is before the Court on two sets of objections by Plaintiff, one relating to the Magistrate Judge's Report and Recommendation ("R&R") issued September 22, 2010, and one relating to the Order issued by the Magistrate Judge on the same day.[1] (Doc. no. 59.) Also before the Court is Plaintiff's "Motion to District Judge to Enjoin and Vacate Magistrate Judge's Action." (Doc. no. 57.) Defendant has responded to Plaintiff's objections and opposes Plaintiff's Motion to Enjoin and Vacate. (Doc. nos. 60, 62.)

As an initial matter, the Court notes that the deadline for Plaintiff to file objections to both the Order and the R&R was October 12, 2010. Fed. R. Civ. P. 72(a) & (b)(2); Loc. R. 72.2 & 72.3. Plaintiff acknowledges that his objections, which he filed on October 18, 2010, are untimely. However, along with his objections, Plaintiff filed a "Motion to File

---

[1] While Plaintiff's objections relate to two separate decisions by the Magistrate Judge, they were filed as part of the same document. (Doc. no. 59.)

Plaintiff's Objections to Magistrate's Report Late" (doc. no. 58). Plaintiff requests that the Court allow him to file his objections after the deadline because of "the convoluted and complex nature and procedural status of the instant [case]," his "inaccess to the Office of the Court Clerk," and the reduction in the time for him to file occasioned by mail delivery time. (Id. at 2.) Plaintiff also informs the Court that he was unable to comply with the time limit for submitting his objections because he had the flu during the period leading up to the deadline. (Id. at 4.) The Court disagrees with Plaintiff's assertions that this case is complex and that mail delivery time warrants an extension of filing deadlines, and Plaintiff has not shown that his access to the Clerk's Office has been restricted in any way. Nevertheless, in an abundance of caution, the Court will consider his objections. Accordingly, Plaintiff's motion to file his objections late is **GRANTED**. The Court will therefore turn its attention to the merits of those objections.

I. DISCUSSION

A. Plaintiff's Objections to September 22, 2010 R&R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R, to which objections have been filed (doc. no. 59).

The Magistrate Judge recommended in the R&R that Plaintiff's Motion to Strike (doc. no. 35-1) be denied and that his Motion for Summary Judgment (doc. no. 35-2) be denied without prejudice. (Doc. no. 46.) In his objections to the R&R, Plaintiff contends that all the actions taken by the Magistrate Judge in this case are invalid because, lacking Plaintiff's consent or a proper referral by this Court, the Magistrate Judge has not been authorized to adjudicate matters in this case. (Doc. no. 59, pp. 3-6.)

In accordance with this district's policy and the provisions of 28 U.S.C. § 636(b)(1), the Court has referred several pre-trial matters in this case – including Plaintiff's Motion for Summary Judgment and Motion to Strike – to the Magistrate Judge. The Court finds that the decisions rendered by the Magistrate Judge in this case have been pursuant to a valid referral and that the Magistrate Judge has not exceeded his authority by improperly addressing any matter in this case. See 28 U.S.C. §§ 636(b)(1)(A) & (B) (authorizing district courts to designate a magistrate judge to hear pretrial matters and, depending on the nature of the matter, to issue either a determination or proposed findings of fact accompanied by a recommendation for disposition); see also Fed. R. Civ. P. 72 (authorizing magistrate judges to decide nondispositive pretrial matters and to enter recommendations for the disposition of dispositive matters); Loc. R. 72. In particular, the Magistrate Judge had authority to make "proposed findings of fact and recommendations for the disposition" of the motions addressed in the September 22, 2010 R&R without Plaintiff's consent. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff's contention that the Magistrate Judge has exceeded his authority in this case is therefore without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections to the R&R.

### B.   Plaintiff's Objections to September 22, 2010 Order

Plaintiff's second set of objections allege error in the Magistrate Judge's September 22, 2010 Order denying Plaintiff's "Motion to File Second Amended Complaint" (doc. no. 39) and finding Plaintiff's "Motion to Replace Second Amended Complaint" (doc. no. 38) to be moot. (Doc. no. 48.) Because these objections relate to a nondispositive matter, the Court will only modify or set aside portions of the Order that are "clearly erroneous or . . .

contrary to law." Fed. R. Civ. P. 72(a); Loc. R. 72.2; Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 303 (S.D.N.Y. 1997).

The Magistrate Judge construed Plaintiff's "Motion to Replace Second Amended Complaint" as a motion to amend his Second Amended Complaint, which Plaintiff had improperly filed on July 22, 2010. (Doc. no. 48, p. 3.) The Magistrate Judge found that, as Plaintiff's Second Amended Complaint had been stricken for failure to comply with Fed. R. Civ. P. 15 (see doc. no. 33, p. 5 & n.1), Plaintiff could not amend that stricken complaint, rendering moot his request to "replace" that complaint. (Doc. no. 48, p. 4.) The Magistrate Judge denied Plaintiff's request to file another amended complaint as untimely because it was submitted well after the deadline for amending pleadings, as established by Local Rule 16.3 and the Scheduling Order in effect in this case. (Doc. no. 48, pp. 6-7.)

In his objections, Plaintiff alleges that the Magistrate Judge somehow colluded with U.S. Post Office personnel such that he was able to learn of Plaintiff's request to replace his Second Amended Complaint before it was filed, allowing the Magistrate Judge to quickly strike the Second Amended Complaint so that he could then deny Plaintiff's request to replace that complaint as moot. (Doc. no. 59, pp. 7-8.) Plaintiff also argues that his Second Amended Complaint should have been accepted because it was filed prior to the issuance of the Scheduling Order, and that his motion to replace that complaint should not have been denied for failure to comply with the time limits set forth in that Order. (Id. at 9.) Plaintiff further argues that the Magistrate Judge erred by ordering the U.S. Marshal to effect service on Defendant, rendering that service and Defendant's subsequently filed answer invalid. (Id. at 10-11.) According to Plaintiff, the Magistrate Judge should have granted his Motion to

Replace his Second Amended Complaint and request to file another amended complaint because, in the absence of a valid answer by Defendant, he was permitted to amend his pleadings as a matter of right under Fed. R. Civ. P. 15. (Id.)

The Court finds Plaintiff's allegations regarding collusion between the Magistrate Judge and the U.S. Post Office to be entirely baseless and without merit. Furthermore, contrary to Plaintiff's contentions, the Magistrate Judge did not err by ordering the U.S. Marshal to effect service of process on Defendant. As the Magistrate Judge has explained to Plaintiff several times, courts are authorized and even required to order such service when a plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), as is the case here. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases"); Fed. R. Civ. P. 4(c)(3) (requiring courts to order that service be effected by U.S. Marshal or other specially appointed person if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915). Therefore, Defendant's answer was properly filed and triggered Rule 15's deadline for Plaintiff to amend his pleadings within 21 days of her responsive pleading. Fed. R. Civ. P. 15. Thus, the Court finds no merit in Plaintiff's contention that his motions denied in the September 22nd Order should have been granted because he was authorized to amend his pleadings as a matter of right under Fed. R. Civ. P. 15.

Moreover, the Court notes that Plaintiff's objections relating to the Magistrate Judge's September 22nd Order are largely premised on arguments regarding the validity of the Second Amended Complaint filed by Plaintiff on July 22, 2010. The Magistrate Judge struck that Complaint in an Order issued August 23, 2010. (Doc. no. 33.) The deadline for Plaintiff to object to the August 23rd Order expired 14 days after that Order was served on

him, roughly a month and a half prior to Plaintiff filing the objections currently under consideration. Fed. R. Civ. P. 72(a). While the Court has allowed Plaintiff to file untimely objections to the Order and R&R issued on September 22, 2010, the Court will not extend its permission for Plaintiff to file untimely objections so as to allow Plaintiff to object to prior determinations made by the Magistrate Judge. Furthermore, Plaintiff would not prevail even if the Court allowed such objections, as he filed his Second Amended Complaint beyond the deadline for amending pleadings as a matter of right and without Defendant's consent or the leave from the Court. See Fed. R. Civ. P. 15(a)(1) & (2). Because Plaintiff's Second Amended Complaint was properly stricken, the Magistrate Judge was correct in holding that Plaintiff could not amend it, by replacing it or otherwise.

In addition, the Magistrate Judge's denial of Plaintiff's request to file another amended complaint as untimely was neither erroneous nor contrary to law. The deadline for amending pleadings expired more than a month before Plaintiff's request. As noted by the Magistrate Judge, Local Rule 16.3 requires that parties in civil cases file motions to amend pleadings "within sixty (60) days after issue is joined in the case by the filing of an answer." Therefore, regardless of whether Plaintiff filed his motion for leave to file an amended complaint before issuance of the Scheduling Order, his motion was untimely and properly denied as such. Loc. R. 16.3; Alba v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002))).

For these reasons, Plaintiff's objections to the Magistrate Judge's September 22nd

Order are **OVERRULED**.

### C. Plaintiff's Motion to Enjoin and Vacate Magistrate Judge's Actions

In Plaintiff's "Motion to District Judge to Enjoin and Vacate Magistrate Judge's Action," he argues that the Magistrate Judge lacks authority for all the actions he has taken in this case, and that the service effected on Defendant is invalid and should be vacated. (Doc. no. 57.) These contentions are duplicative of those made in his objections to the Magistrate Judge's September 22nd Order and R&R, and lack merit for the reasons discussed above. Accordingly, this motion by Plaintiff is **DENIED**.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to File Objections Late (doc. no. 58) is **GRANTED**, but his objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's Motion to Strike (doc. no. 35-1) is **DENIED**, and his Motion for Summary Judgment (doc. no. 35-2) is **DENIED WITHOUT PREJUDICE**. In addition, Plaintiff's Motion to Enjoin and Vacate the Magistrate Judge's Action (doc. no. 57) is **DENIED**.

SO ORDERED this 3rd day of November, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE