IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-144 |
| | ) | |
| ELAINE JOHNSON, the Clerk of the Superior Court of Richmond County, | ) ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

The above-captioned case is before the Court on Defendant's "Motion to Dismiss for Want of Prosecution." (Doc. no. 64.) Defendant's motion is premised in large part on Plaintiff's failure to participate in discovery, see generally id., which was previously scheduled to close on November 1, 2010. (Doc. no. 43.) In an Order issued simultaneously with this Report and Recommendation, the Court has granted Defendant's Motion to Compel (doc. no. 54) and extended the discovery period. In that Order, the Court has also instructed Plaintiff to fulfill his discovery obligations and warned that failure to do so will be considered a bad faith refusal to obey an order of this Court that will result in dismissal.[1]

---

[1] Sanctions, including dismissal, may be imposed for failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A) & 41(b); Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (affirming dismissal with prejudice for willful and deliberate refusal to comply with discovery orders). In addition, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco,

In light of these developments, the Court finds it inappropriate to dismiss Plaintiff's case with prejudice for want of prosecution at this time. Accordingly, Defendant's Motion to Dismiss for Want of Prosecution should be **DENIED WITHOUT PREJUDICE**. Should Plaintiff persist in his refusal to participate in discovery or otherwise prosecute this case, Defendant should be permitted to move for dismissal on that basis at the appropriate time.

SO REPORTED and RECOMMENDED this 30th day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985) (noting that dismissal is often appropriate when a party's recalcitrance is due to "willful bad faith and callous disregard of court directives"). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] willful disobedience or neglect of any order of the Court." Loc. R. 41.1(b).