IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-144 |
| | ) | |
| ELAINE JOHNSON, the Clerk of the | ) | |
| Superior Court of Richmond County, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case is before the Court on Defendant's "Second Motion to Dismiss for Want of Prosecution and for Plaintiff's Bad Faith Refusal to Comply with an Order of this Court," as well as Plaintiff's "Motion for Extension of Time to Conduct Discovery and Motion for Leave to Untimely File [a] Reply to Defendant's Motion for Summary Judgment." (Doc. nos. 82, 83-1, 83-2.) Defendant has filed a response to Plaintiff's motion. (Doc. no. 84.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's Motion to Dismiss (doc. no. 82) be **GRANTED** and that Plaintiff's Motions for Extensions (doc. nos. 83-1, 83-2) be **DENIED AS MOOT**.

I.  **BACKGROUND**

Plaintiff commenced this action on November 20, 2009, seeking relief for his allegedly unlawful treatment by state court officials and law enforcement officers. (Doc. no. 1.) He was granted permission to proceed *in forma pauperis* ("IFP") and directed to amend

his initial complaint. (Doc. no. 4.) On January 26, 2010, Plaintiff filed an amended complaint, which the Court screened pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). (Doc. no. 11.) The Court allowed Plaintiff to proceed with his claim against Defendant for denial of access to the courts. (Id.) The Court recommended that all other claims and defendants in the amended complaint be dismissed; the Honorable J. Randal Hall, United States District Judge, adopted this recommendation over Plaintiff's objections. (Doc. nos. 9 & 16.) Because of Plaintiff's IFP status, the Court directed the U.S. Marshal to effect service on Defendant Johnson. (Id. at 7.) Service was effected as directed, and on May 19, 2010, Defendant filed her answer. (Doc. no. 14.)

Rather than attending to the obligations related to his denial of access to the courts claim, Plaintiff chose to devote his efforts to attempting to revive his dismissed claims and disputing the propriety of the service effected on Defendant. For example, Plaintiff failed to confer with Defendant as required under Fed. R. Civ. P. 26(f), despite having been informed of his obligation to do so. (See doc. no. 3, p. 1; doc. no. 17, p. 1 & Ex. A.) Yet on July 6, 2010, Plaintiff filed a "Motion to Vacate Service of Process Made Upon Defendant Johnson," in which he argued that it was improper for the case to proceed because the service effected on Defendant Johnson pursuant to the Court's instruction was invalid; he asserted that only he could effect proper service and that the case could not proceed until he did so. (Doc. no. 23.) Moreover, on July 22, 2010, Plaintiff improperly filed a Second Amended Complaint without Defendant's consent or leave of the Court. (Doc. no. 29.)

On June 29, 2010, the Court again notified Plaintiff of his duty to confer as required by Rule 26(f), and ordered him to comply with that obligation within a 14-day time limit.

2

(Doc. no. 19.) Plaintiff again failed to confer within that time limit, prompting the Court to order Plaintiff to confer as required under Rule 26(f) and to warn Plaintiff that failure to do so would result in the dismissal of his case. (Doc. no. 33, pp. 4-5.) In addition, the Court rejected Plaintiff's service-related argument and struck his improperly filed Second Amended Complaint. (Id. at 3-5.)

Facing the consequence of dismissal, Plaintiff finally complied with his duty to participate in holding a Rule 26(f) meeting and submitting a Rule 26(f) report, following which the Court set the deadlines in the case. (Doc. no. 43.) However, instead of prosecuting his denial of access to the courts claim, Plaintiff continued to stubbornly reassert his argument that service in this case was improper and persisted in his effort to amend his pleadings so as to include his previously-dismissed claims. In particular, he filed a "Motion to Replace Second Amended Complaint" (doc. no. 38) and "Motion to File Second Amended Complaint" (doc. no. 39). Simultaneously, he filed a Motion to Strike, in which he argued that the Court-ordered service effected on Defendant was invalid and that, as such, the Court should strike the answer she filed in response to that service. (Doc. no. 35.)

In an Order issued September 22, 2010, the Court construed Plaintiff's "Motion to Replace Second Amended Complaint" as a motion to amend, and denied the motion as moot because it sought to amend the July 22nd complaint that had already been stricken. (Doc. no. 48.) The Court also denied Plaintiff's motion file another amended complaint as untimely and, in a simultaneously issued Report and Recommendation ("R&R"), recommended that Plaintiff's Motion to Strike be denied, as both the Court-ordered service

3

and Defendant's answer were valid. (Id.; doc. no. 46.) Plaintiff filed untimely objections[1] to the R&R, asserting that the Court's conclusions were erroneous and accusing the Court of conspiring with the U.S. Post Office in connection with the denial of his request to amend. (Doc. no. 59.) Judge Hall accepted the untimely objections, but overruled those objections and adopted the R&R as the opinion of the District Court. (Doc. no. 65.) In particular, Judge Hall rejected Plaintiff's contention that the Court's denial of his attempts to amend his pleadings was the result of fraud, as well as his repeatedly-asserted argument that the Court-ordered service effected on Defendant was improper. (Id. at 4-5.)

In addition, Plaintiff filed a "Motion to Vacate Judgment," in which he requested, pursuant to Fed. R. Civ. P. 60, that the Court reconsider and vacate its August 23rd Order rejecting his service argument and striking his Second Amended Complaint. (Doc. no. 49.) In his Motion to Vacate, Plaintiff again alleged that the Court had fraudulently denied his motion to amend through collusion with Post Office personnel. (Id.) The Court denied his motion and admonished him for asserting baseless accusations of judicial impropriety. (Doc. no. 75.)

During the period in which Plaintiff filed all of these motions and objections,[2] he neglected to respond to any of Defendant's discovery requests or attend his scheduled deposition, despite the fact that the Court had set a deadline for discovery and notified

---

[1]Plaintiff stated that he was unable to file his objections in a timely manner because of inordinate delays in mail delivery time and because he had the flu. (Doc. no. 58, p. 4.)

[2]In addition to the motions discussed above, Plaintiff has also filed a motion for summary judgment and twice improperly attempted to appeal Orders to the Eleventh Circuit during the pendency of this case. (See doc. nos. 20, 35, 50.)

4

Plaintiff of his obligation to participate in discovery. (Doc. no. 11, p. 8; doc. no. 43.) Accordingly, Defendant filed a Motion to Compel, as well as her first Motion to Dismiss for Want of Prosecution. (Doc. nos. 54, 64.) Plaintiff filed an untimely response to Defendant's Motion to Compel asserting a variety of objections, which, aside from being untimely, the Court found to be "totally bereft of merit," and which the Court further found to constitute "another example of Plaintiff's abusive litigation tactics and refusal to fulfill the obligations that come with filing a lawsuit." (Doc. no. 75, p. 8.)

In an Order issued on November 30, 2010, the Court granted Defendant's Motion to Compel and, as a result, extended the discovery deadline to December 23, 2010 – an extension of nearly a month and a half. (Id. at 8-9.) In addition, the Court made arrangements for Plaintiff's deposition to be held at the Federal Courthouse in Augusta, Georgia and ordered Plaintiff to make himself available for and attend such deposition. (Id. at 9.) The Court also ordered Plaintiff to respond to the other discovery requests covered in Defendant's motion to compel by the extended discovery deadline of December 23, 2010. (Id.) The Court warned Plaintiff that "[a]ny further refusal by Plaintiff to fulfill his discovery obligations will be considered a bad faith refusal to obey an order of this Court and will result in dismissal." (Id. (citations omitted).) In light of its decision to grant Plaintiff an opportunity to comply with these discovery orders, the Court recommended that Defendant's first Motion to Dismiss be denied without prejudice, but specifically noted, "Should Plaintiff persist in his refusal to participate in discovery or otherwise prosecute this case, Defendant should be permitted to move for dismissal on that basis at the appropriate time." (Doc no. 76 (adopted as opinion of the District Court in doc. no. 81).)

In compliance with the Court's November 30th Order, Plaintiff's deposition was scheduled for December 20, 2010. (Doc. no. 82, p. 2 & Ex. 1.) Despite having been properly notified of the deposition, Plaintiff failed to appear. (Id.) Nor did Plaintiff respond to the other discovery requests by the extended discovery deadline, despite the Court having ordered him to do so. (Id.) In her Second Motion to Dismiss,[3] Defendant contends that, in light of this conduct, Plaintiff's case should be dismissed for refusal to obey a court order and failure to prosecute.

While Plaintiff has not specifically responded in opposition to Defendant's Second Motion to Dismiss, he has addressed the issues raised in that motion in his Motions for Extensions (doc. nos. 83-1, 83-2). Plaintiff states that he was sick with pneumonia during the time following the Court's November 30th Order. (Id. at 3.) Plaintiff also states that, despite his best efforts, he could not "secure finances necessary to allow [him] to afford expenses incidental to the [December 20th] Court-ordered deposition." (Id. at 4.) Plaintiff further informs the Court that he "has duly made effort to satisfy defendant's discovery requests by submitting replies to defendant accordingly on or about December 29, 2010." (Id.) Plaintiff additionally explains that, due to unexpected delays in receiving his mail, he did not receive his service copy of the Court's November 30th Order until December 20, 2010. (Id.) Plaintiff has provided nothing to support the veracity of his excuses for not timely complying with the Court's orders. However, Plaintiff states – incredibly – that he has been "at all times . . . willing to participate properly in discovery with defendant in a

---

[3] In addition to her Second Motion to Dismiss, Defendant has also filed a Motion for Summary Judgment (doc. no. 73).

timely and compliant manner." (Id. at 4.)

## II. DISCUSSION

The issue before the Court is whether Plaintiff's conduct warrants dismissal of his case. For the reasons that follow, the Court concludes that it does.

Sanctions, including dismissal, may be imposed for failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). The decision of whether to impose sanctions under Rule 37 – and, if imposed, what type of sanction – is committed to the Court's discretion. Gratton v. Great Am. Communs., 178 F.3d 1373, 1374 (11th Cir. 1999) (dismissal appropriate where "throughout the course of litigation [plaintiff] engaged in behavior which interfered with the process of discovery"). "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored. But, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (affirming dismissal with prejudice for willful and deliberate refusal to comply with discovery orders). Furthermore, dismissal is only appropriate where lesser sanctions would not suffice. Gratton, 178 F.3d at 1374 (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)).

Plaintiff's conduct throughout this case is indicative of willful disregard of the Court's orders and bad faith, making dismissal an appropriate sanction under Fed. R. Civ. P. 37. During the initial part of this case, Plaintiff refused to confer as required under Fed. R. Civ. P. 26(f), and twice defied the Court's directive to confer with Defendant within the time specified by the Court. (See doc. no. 3, p. 1; doc. no. 17, p. 1 & Ex. A; doc. no. 33, pp. 4-5.) Moreover, despite having been informed multiple times by the Court of his obligation

to participate in discovery, Plaintiff has continued to flout the Court's orders by failing to provide timely responses to Defendant's discovery requests, even when the Court extended the discovery period by a month and a half. (See doc. no. 11, p. 8; doc. no. 43, p. 2; doc. no. 75, p. 8.) Plaintiff has twice failed to appear for properly noticed depositions, resulting in the unjustified expenditure of resources by Defendant. (See doc. no. 75, pp. 8-9; doc. no. 85.) Plaintiff's failure to serve timely responses to Defendant's discovery requests and to attend his last deposition is especially egregious, as the Court explicitly ordered him to complete his responses by the extended discovery deadline and to attend his deposition, and informed him that any further failure to fulfill these discovery obligations would be considered a bad faith refusal to obey an order of this Court that would result in the dismissal of his case. (Doc. no. 75, p. 9.)

The excuses and explanations that Plaintiff offers in his Motions for Extensions are insufficient at this juncture to avoid dismissal. On multiple occasions Plaintiff has sought to use illness, indigence, and anomalous delays in mail delivery as excuses for failing to comply with deadlines and Court orders. (See, e.g., doc. no. 39, p. 4; doc. no. 49, pp. 12-15; doc. no. 58, pp. 2-4.) However, these excuses are in conflict with Plaintiff's activity in this case, as they have somehow not prevented him from filing a multitude of superfluous documents, including motions to vacate previous orders, objections premised on groundless accusations of judicial misconduct, and premature attempts to appeal adverse decisions. See supra Part I.

Moreover, even if the Court were to accept Plaintiff's averments as true, they would not justify his conduct. Plaintiff knew ahead of time that his deposition was scheduled for

8

December 20, 2010,[4] and he states that on December 20 he received his service copy of the Court's November 30th Order warning him that failure to attend his deposition would result in the dismissal of his case. (Doc. no. 83, pp. 4-5.) Yet Plaintiff made no attempt to contact Defendant or the Court regarding his inability to attend the deposition – something that neither illness nor indigence prevented him from doing.

Plaintiff's belated responses to Defendant's discovery requests are likewise insufficient to save him from dismissal. These responses, filed after the expiration of the extended discovery deadline, represent the first attempt Plaintiff has made at fulfilling his discovery obligations, despite more than a year having elapsed since the Court allowed him to proceed with his denial of access to the courts claim and over seven months having elapsed since he was originally served with the discovery requests. Moreover, these responses to Defendant's discovery requests in no way address Plaintiff's repeated failure to make himself available to be deposed.

Furthermore, the Court finds that lesser sanctions would not suffice in this instance to cure the harm resulting from Plaintiff's refusal to obey the Court's discovery orders. None of the lesser sanctions enumerated in Fed. R. Civ. P. 37(b)(2) are adequate to address Plaintiff's refusal to comply with this Court's discovery orders and failure to timely fulfill *any* of his discovery obligations, especially in light of the fact that his obstinance has already resulted in a month and a half extension of the discovery period. Moreover, Plaintiff's

---

[4]Defendant properly notified Plaintiff of the deposition on December 7, 2010. (Doc. no. 82, Ex. 1.)

indigence makes monetary sanctions inadequate to address his conduct.[5] Accordingly, the Court finds that dismissal is appropriate[6] and concludes that Defendant's Motion to Dismiss should be granted.[7]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's Second Motion to Dismiss (doc. no. 82) be **GRANTED**, that Plaintiff's case be **DISMISSED WITH PREJUDICE**, and that Plaintiff's Motions for Extensions (doc. nos. 83-1, 83-2) be **DENIED**. The Court further **RECOMMENDS** that this civil action be **CLOSED** and that a judgment be **ENTERED** in favor of Defendant.

SO REPORTED and RECOMMENDED this 15th day of February, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff has failed to pay previous monetary sanctions imposed against him in this case (see doc. nos. 85, 86), and he avers that he cannot afford a one-day trip from Atlanta, Georgia to Augusta, Georgia. (Doc. no. 83, p. 4.)

[6] Having concluded that dismissal under Fed. R. Civ. P. 37 is appropriate, the Court finds in unnecessary to reach Defendant's contention that dismissal for failure to prosecute is appropriate under Fed. R. Civ. P. 41(b) and Loc. R. 41.1.

[7] In light of the fact that his case should be dismissed, Plaintiff's Motions for Extensions, in which he requests additional time to conduct discovery and to reply to Defendant's Motion for Summary Judgment, should be **DENIED AS MOOT**. (Doc. nos. 83-1, 83-2.)